EUGENE W. MORRIS, RELATOR, v. CIVIL SERVICE COM-
MISSION OF THE STATE OF NEW JERSEY, AND AR-
THUR J. HAMLEY, TREASURER OF THE COUNTY OF
MIDDLESEX, RESPONDENTS.

Argued January 20, 1931—Decided February 13, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the relator, *David T. Wilentz.*

For the respondents, *William A. Stevens.*

PER CURIAM.

The relator seeks a writ of *mandamus* directing the civil
service commission to certify his pay as a process server in
the sheriff's office, Middlesex county, for the last half of
September and the whole of October, 1930. The case comes
before us on an agreed state of facts.

The Civil Service act of 1908 (*Pamph. L.* 235) had been
adopted in Middlesex county and the relator was successful
in a competitive examination held for the position of process
server. He received a temporary appointment July 14th,
1930, for the vacation period. Prior to his appointment,
the sheriff had abolished three positions held by court at-
tendants, and the civil service commission placed the names
of those who had held the position of court attendant upon
the preferred eligible list for process server. The sheriff
will not appoint one of those whose name appears on the
preferred eligible list as process server, and the civil service
commission will not certify relator's pay.

The propriety of the action of the commission in placing the names of the former court attendants upon the preferred eligible list is challenged. The determination of this question is unnecessary to the decision of this case, and perhaps should have been raised on *certiorari*.

Since the relator received a temporary appointment July 14th, 1930, he held over after two months' temporary service, and is not entitled to certification. *Shalvoy* v. *Johnson,* 84 *N. J. L.* 134.

The rule will be discharged.